UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CATARINO CACATZUN-SOP,<br><br>Petitioner,<br><br>v.<br><br>A. NEIL CLARK,<br><br>Respondent. | CASE NO. C08-1225-RSL<br><br><br><br>REPORT AND RECOMMENDATION |

## I. <u>INTRODUCTION AND SUMMARY CONCLUSION</u>

Petitioner Catarino Cacatzun-Sop, proceeding through counsel, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging his detention by the U.S. Immigration and Customs Enforcement ("ICE") at the Northwest Detention Center in Tacoma, Washington. (Dkt. 1). Petitioner requests that he be released pending adjudication of his Petition for Review in the Ninth Circuit Court of Appeals, arguing that his mandatory detention under Section 236(c) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1226(c), is indefinite under *Zadvydas v. Davis*, 533 U.S. 678, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001). (Dkt. 1). Respondent has moved to dismiss, arguing that petitioner is lawfully detained under the Attorney

REPORT AND RECOMMENDATION
PAGE -1

General's discretion pursuant to INA § 241(a)(6), 8 U.S.C. § 1231(a)(6). (Dkt. 10).

Having carefully reviewed the entire record, I recommend that petitioner's habeas petition, Dkt. 1, be DENIED and that respondent's motion to dismiss, Dkt. 10, be GRANTED.

## II. BACKGROUND AND PROCEDURAL HISTORY

Petitioner is a native and citizen of Guatemala who entered the United States without inspection on or about November 14, 1994. (Dkt. 11 at L271). On August 1, 1995, he applied to the former Immigration and Naturalization Service[1] ("INS") for asylum. *Id.* The INS denied the application and issued an Order to Show Cause, charging petitioner with being deportable under INA § 241(a)(1)(B), for having entered the United States without inspection. (Dkt. 11 at R37-38, L271).

On July 18, 1996, an Immigration Judge ("IJ") denied petitioner's applications for asylum and withholding of deportation, but granted him voluntary departure in lieu of deportation until October 18, 1996, with an alternate order of deportation to Guatemala. (Dkt. 11 at L259-71, L294). Petitioner's voluntary departure order ripened into a deportation order on October 19, 1996, after he failed to voluntarily depart the United States. Petitioner attempted to file an appeal of the IJ's decision with the Board of Immigration Appeals ("BIA"), but the appeal was submitted late and the BIA dismissed the appeal as untimely on May 28, 1997. (Dkt. 11 at L257). Accordingly, petitioner's order of removal became administratively final on that date. *See* INA § 101(a)(B), 8 U.S.C. § 1101(47)(B). On June 25, 1997, petitioner filed a motion to reconsider,

---

[1] On March 1, 2003, the INS was dissolved as an independent agency within the Department of Justice and its functions were transferred to the Department of Homeland Security ("DHS"). Homeland Security Act of 2002, Pub. L. No. 107-296, § 471, 116 Stat. 2135, 2205 (2002).

which the BIA denied on June 30, 1997. (Dkt. 11 at L314-15, R54).

On August 14, 2007, ICE arrested petitioner at his residence in Portland, Oregon, and transferred him to the Northwest Detention Center in Tacoma, Washington, where he remains detained. (Dkt. 11 at R88-89).

On October 29, 2007, petitioner filed a motion to reopen his deportation proceedings with the BIA, based on alleged ineffective assistance of counsel. (Dkt. 11 at L330-26). The BIA denied petitioner's motion on February 26, 2008. (Dkt. 11 at L341-42). Petitioner filed a Petition for Review of the BIA's decision denying his motion to reopen, and a Motion for Stay of Removal with the Ninth Circuit. *See Cacatzun-Sop v. Gonzales*, No. 08-71240 (9th Cir. filed March 25, 2008). The Ninth Circuit subsequently granted petitioner's motion for stay of removal. *Id.* Petitioner's petition for review is currently pending in the Ninth Circuit.

On May 14, 2008, ICE conducted a "File Custody Review" of petitioner's case. (Dkt. 11 at R178-85). On June 6, 2008, ICE Field Office Director A. Neil Clark issued a "Decision to Continue Detention" stating,

> You have a demonstrated disregard for the immigration laws of the United States as evidenced by your refusal to comply with the voluntary departure order of an immigration judge on 7/18/1996. You remained in the United States illegally for nine years until your apprehension by Portland Fugitive Operations. Your disregard for the immigration laws of this country suggests that you would abscond in order to prevent your removal should the outcome of your petition with the Court not prove favorable. Therefore, it has been decided to continue your detention pending a ruling from the 9th Circuit Court of Appeals.

(Dkt. 11 at R187-88).

On August 5, 2008, petitioner filed the instant habeas petition, challenging the legality of his detention. (Dkt. 1). On September 9, 2008, the government filed a Return and Status Report

and Motion to Dismiss. (Dkt. 10). Petitioner did not file a response. The habeas petition and motion to dismiss are ripe for review.

## III. DISCUSSION

### A. Petitioner is Lawfully Detained Pursuant to INA § 241(a)(6).

Section 236 of the INA provides the framework for the arrest, detention, and release of aliens in removal proceedings. That provision provides the Attorney General with discretionary authority to release an alien on bond or conditional parole pending the completion of removal proceedings, unless the alien falls within one of the categories of criminal aliens described in Section 236(c), for whom detention is mandatory. *See* INA § 236(c), 8 U.S.C. § 1226(c) ("The Attorney General shall take into custody any alien who" is deportable for having committed certain enumerated crimes); *see also Demore v. Kim*, 538 U.S. 510, 513 n.1, 123 S. Ct. 1708, 155 L. Ed. 2d 724 (2003) ("Section 1226(c) authorizes detention of aliens who have committed certain crimes including, *inter alia*, any 'aggravated felony'").

Once removal proceedings have been completed, the detention and release of aliens shifts to INA § 241, 8 U.S.C. § 1231. Section 241(a)(1)(A) of the INA states that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." INA § 241(a)(1)(A), 8 U.S.C. § 1231(a)(1)(A). During the removal period, continued detention is required. INA § 241(a)(2), 8 U.S.C. § 1231(a)(2). Section 241(a)(6) provides the Attorney General with discretionary authority to detain certain aliens beyond the removal period, or to release them under an order of supervision. INA § 241(a)(6), 8 U.S.C. § 1231(a)(6).

Petitioner claims that he is being unlawfully held in mandatory detention pursuant to INA

§ 236(c). Respondent argues that INA § 236 is not the applicable statute because that section only applies to detention during removal proceedings. Respondent contends that petitioner is currently being detained under the post-order custody provision of INA § 241(a)(6) because he is subject to a final administrative order of removal, and petitioner's pending petition for review appeals the BIA's denial of his motion to reopen, not his order of removal. (Dkt. 10 at 7). The Court agrees with respondents.

The determination of when an alien becomes subject to detention under Section 241 rather than Section 236 is governed by Section 241(a)(1), which provides:

> The removal period begins on the *latest* of the following:
>
> (i) <u>The date the order of removal becomes administratively final</u>.
>
> (ii) <u>If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order</u>.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B) (emphasis added).

In the present case, petitioner's removal period began on May 28, 1997, pursuant to INA § 241(a)(1)(B)(i) when the BIA dismissed petitioner's appeal as untimely. Although petitioner filed a petition for review in the Ninth Circuit, resulting in a stay of removal which remains pending, his appeal does not "entail judicial review of a *removal order*, as the plain text of the statute requires." *Diouf v. Mukasey*, 542 F.3d 1222, 2008 WL 4253851, *5 (9th Cir. September 18, 2008). Rather, petitioner's appeal challenges the BIA's denial of his motion to reopen. Accordingly, when petitioner was detained by ICE on August 14, 2007, he was not detained pursuant to INA § 236 because the removal period had already commenced.

The Ninth Circuit's recently published decision in *Diouf* supports this conclusion. In *Diouf*, the Ninth Circuit reversed a decision by the district court which had granted habeas relief to a petitioner who had been detained for twenty-three months pending judicial review of the BIA's denial of his motion to reopen removal proceedings. *Diouf*, 542 F.3d at 1222. The Ninth Circuit concluded that the district court had erred because its decision was based on the erroneous conclusion that Diouf's detention was governed by INA § 236 rather than INA § 241. *Id.* The court held that "a stay entered while a court reviews an alien's . . . *petition for review of the BIA's denial of a motion to reopen* – does not prevent the removal period from beginning." *Id. See also Prieto-Romero v. Clark*, 534 F.3d 1053, 1060 n.6 (9th Cir. July 25, 2008) (explaining that the "beginning of the removal period is not delayed by *every* judicially entered stay").

Here, as in *Diouf*, petitioner is being detained under INA § 241(a)(6), not under INA § 236, because his order of removal is administratively and judicially final. Petitioner's removal period expired on or about November 13, 2007 – ninety days after he was detained by ICE on August 14, 2007 – and the statutory basis for his current detention is INA § 241(a)(6).

B. <u>Petitioner's Detention is Not Indefinite</u>.

Petitioner also claims that his detention is indefinite because there is no significant likelihood of his removal in the reasonably foreseeable future, and that it is therefore not authorized under *Zadvydas v. Davis*, 533 U.S. 678, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001). (Dkt. 1). In *Zadvydas*, the Supreme Court considered whether the post-removal-period statute, INA § 241(a)(6), authorizes the Attorney General "to detain a removable alien *indefinitely* beyond the removal period or only for a period *reasonably necessary* to secure the alien's removal." *Zadvydas,* 533 U.S. at 682. The petitioners in *Zadvydas* could not be removed because no

country would accept them. Thus, removal was "no longer practically attainable," and the period of detention at issue was "indefinite" and "potentially permanent." *Id.* at 690-91. The Supreme Court held that INA § 241(a)(6), which permits detention of removable aliens beyond the 90-day removal period, does not permit "indefinite detention." *Id.* at 689-697. The Court explained that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by the statute. *Id.* at 699.

The Supreme Court further held that detention remains presumptively valid for a period of six months. *Id.* at 701. After this six-month period, an alien is eligible for conditional release upon demonstrating "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* The burden then shifts to the Government to respond with sufficient evidence to rebut that showing. *Id.*

The Court finds that petitioner has failed to satisfy his burden of showing that there is "no significant likelihood of removal in the reasonably foreseeable future." *Id.* The Ninth Circuit has "construed this language to require the alien to show that he would be *unremovable* even if the government defeated his petition for review." *Diouf*, 2008 WL 4253851 at *8 (emphasis added). Here, there is not indication that petitioner is *unremovable*. Indeed, the government has successfully obtained a travel permit for petitioner's removal to Guatemala. Although petitioner was not removed under that travel permit because of his stay of removal and the travel permit has since expired, the Guatemalan Consulate has stated that there would be no problem in issuing a new travel permit for petitioner. (Dkt. 10, Ex. 1). Once petitioner's legal proceedings have been completed, ICE will remove petitioner to Guatemala or release him. Thus, "he is not stuck in a 'removable-but-unremovable limbo,' as the petitioners in *Zadvydas* were." and his detention is not

REPORT AND RECOMMENDATION
PAGE -7

indefinite. *See Prieto-Romero*, 534 F.3d at 1063.

Moreover, petitioner's detention has been implemented in a procedurally fair manner and does not violate procedural due process requirements. The administrative record shows that petitioner received a post order custody review, and that ICE considered the appropriate factors when reviewing petitioner's custody status.[2] (Dkt. 11 at R178-88). Accordingly, the Court concludes that petitioner is lawfully detained pursuant to INA § 241(a)(6) pending completion of his legal proceedings in the Ninth Circuit.

## IV. CONCLUSION

For the foregoing reasons, I recommend that petitioner's habeas petition, Dkt. 1, be denied, and respondent's motion to dismiss, Dkt. 10, be granted. A proposed Order accompanies this Report and Recommendation.

DATED this 31st day of October, 2008.

Mary Alice Theiler
United States Magistrate Judge

---

[2] Before making a decision regarding release, the Field Office Director must conclude that: (1) a travel document is not available or removal is not practical or in the public interest; (2) the detainee is nonviolent; (3) the detainee is likely to remain nonviolent; (4) the detainee is not likely to pose a threat to the community following release; (5) the detainee is not likely to violate the conditions of release; (6) the detainee does not pose a significant flight risk. 8 C.F.R. § 241.4(e). The Field Office Director should also consider the following factors: (1) disciplinary problems while incarcerated; (2) the nature and seriousness of the alien's criminal convictions including time served, probation history, and evidence of recidivism; (3) psychiatric and psychological reports; (4) evidence of rehabilitation; (5) favorable factors, such as ties to the U.S. including number of close relatives; (6) prior immigration violations and history; (7) the likelihood that the alien is a significant flight risk; (8) any other probative evidence. 8 C.F.R. § 241.4(f).